IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| RODERICK SLAY, | § | |
| Petitioner, | § | |
| v. | § | 2:17-CV-0036 |
| LORIE DAVIS, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION
## TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS

On February 21, 2017, petitioner RODERICK SLAY filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging his 1990 conviction in Cause No. 28,680-01 out of the 47th Judicial District Court of Potter County, Texas. The instant petition is clearly duplicative of a federal petition petitioner filed in July of 2016 seeking relief from this conviction. Petitioner's first federal petition was dismissed as time-barred.[1]

Title 28 U.S.C. § 2244(b)(3)(A) provides that *before* a second or successive application permitted by § 2244(b)(2) is *filed* in the district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Petitioner has failed to demonstrate he has obtained such authorization to file the pending federal habeas corpus petition. This Court is bound by the requirements of 28 U.S.C. § 2244(b)(3) and cannot consider the instant application for habeas corpus relief without an order

---

[1] *See Slay v. Davis*, No. 2:16-CV-0143 (dismissed August 2, 2016).

from the United States Court of Appeals for the Fifth Circuit authorizing such consideration.

On March 20, 2017 the undersigned issued an Order to Show Cause giving petitioner SLAY an opportunity to explain why the filing of this second habeas petition seeking to challenge the same time-barred conviction is not sanctionable under the federal rules. *See* Fed. R. Civ. P. 11(b). The undersigned further noted a court may impose an appropriate sanction upon a party who has violated the requirement that allegations have evidentiary support. Fed. R. Civ. P. 11(c).

On April 24, 2017 petitioner filed a response to the Order to Show Cause but he gave no reason why sanctions should not be imposed. Petitioner's response merely referenced the court's duty to liberally construe a *pro se* habeas petition. That argument is meritless.

This lawsuit (habeas petition) filed without Fifth Circuit approval is duplicative, unauthorized, frivolous, and has wasted this Court's time and resources. Its filing subjects petitioner SLAY to the imposition of sanctions and petitioner has failed to show why he should not be sanctioned. The Court finds the least onerous sanction available under the facts of this case is that petitioner SLAY's habeas petition be dismissed and that he be prohibited from filing any future lawsuits or habeas corpus petitions unless granted leave to do so by a federal judicial officer.[2] The sanction should also provide that any motion for leave to file a lawsuit or habeas petition is denied if leave to file is not granted within fourteen (14) days of the date of filing the motion for leave.

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United

---

[2] Petitioner is already bound by 28 U.S.C. §2244(b)(3)(A) to seek leave from the appellate court before he can file a second or successive habeas application.

States District Judge that the petition for a writ of habeas corpus filed by petitioner RODERICK SLAY be DISMISSED and sanctions imposed.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 27th day of April 2017.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## *NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A part's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).